Good afternoon, judges. My name is Vladimir Mikhailovich. I represent the appellant in this case. The appellant in this case raised one issue. The issue of whether the continuing violation doctrine applies to this case. In its decision, in the summary judgment on page 22 of the addendum, the district court decided to dismiss all ads that occurred before May 17, 2008, including the ads of salary increase or lack of it, including the ads of the lack of promotion and also the stripping of all duty of my client. However, with regard to the lack of promotion, the judge left alive the ads after May 17, 2008. Also, he did the same thing with the lack of promotion. He left the case alive after May 17, 2008. However, with regard to the stripping of all duties, he dismissed all ads before May 17, 2008 and after it, without giving any real explanation as to why would this be different in the lack of promotion and the lack of salary increase. So, we think that the district court did make a mistake there, and he should have left also the stripping of all duties issue to go before the jury. And that's our argument. The judge really didn't put up front any reason to differentiate these three issues, as he did in his sentence. Putting aside the disparity in treatment, just as to why this is, in fact, a continuing violation rather than a discrete, could you just flesh that out for us? Yes, because it happened every single day since 2004 until her retirement. So, suppose you get suspended from work, is that a continuing violation in your view? I think that's a discrete. How is this different? It's different because when you're suspended, you come back to work and you're not suspended anymore. It happens once. Suppose you're suspended for a long time. Okay, but it's still one time. But every single day she would come to work and her boss would tell her, okay, you're not going to do anything today, go to your room. And that's it. That was said to her every day? Every single day since. I know she went to that room. Every single day she reported to work and then was told, you're not going to do anything today, go to your room? Every single day. That actual conversation transpired? Not actual conversation, but... She didn't just some days go straight to that room? Among 3,000 days, yeah. Yeah. It was from European Union 2004, I think. I guess here, just maybe you can respond to it. I understand that this is less clear than a suspension because you're told day one, you're suspended, and usually for a discrete amount of time. The problem is, at some point, you might think you would get the message, I'm not going to have any duties. You're not going to have me do anything and I'm supposed to go to that room. And at that point, when that kicks in, why wouldn't we think it's a discrete act? Whenever it ripened into clarity that you were going to be stripped of your duties and told to report to this other room, that we should treat that as a discrete act at that moment, even if there's some fuzziness as to when it began. And so, if there wasn't such a large time gap here, maybe that wouldn't matter. But here, it seems like you would have gotten that message sometime faster than the 2,900th and 99th day. So, how do you respond to that? Actually, because at first, and you can see at the end on page 100, she wrote a letter to her boss at the Veteran's Hospital that she thought this was a breach of contract. She wouldn't be assigned any duties. Doesn't that suggest it was a discrete act, at least at that moment? Okay, at that moment, yes. And how late is that? That was October of 2005. She wrote a letter... And when did she file suit? In 2009. So... Let me just go through this. At first, she didn't know. She didn't suspect it was a retaliation against her. She had a case. She had a case in 2003, and she came, if you see on page 9 of my brief, she had an agreement with the government they were going to promote her and give her duties to perform every day. Then, in late 2005, she writes a letter to her boss saying, look, I'm not doing anything since more than a year, and this is in violation. This is a breach of contract that I have with the government. I don't know why this is happening. So then, in 2007, she files a complaint before the EEO, and you get dismissed. But the retaliation continues. And even after the complaint, she would come to work, and she would be sent to that room to do nothing. And then she files a complaint before the EEO again. Suppose they had said in 2005, you're indefinitely suspended. Is that a continuing violation? Because I think it sounds like a discreet act, right? At that moment, you know you're indefinitely suspended. You don't know when it's going to end, but they have taken an adverse action at that moment. You're on notice. You should sue. And I guess what I don't quite see is why is this different? Well, the difference is in the fact that my client comes in the morning to work. She doesn't know she was going to be sent to do nothing all day long. And she comes every day to work, and she's sent to a little room somewhere all day long to do nothing. She even hid under the table because of the cold in the room. Well, but all of that suggests it was adverse. I understand that. I guess what I'm trying to figure out is why is that adverse action properly understood as a continuing violation as opposed to akin to an indefinite suspension, which I suspect would treat as a discreet act? Well, with regard to the latter, yes. But with regard to my client, my understanding is this is a continuing violation. If you go every day, every day, every day, every day, that's by definition is the continuing. It's not just once that she was sent and said, okay, you're not going to do anything. It's just every single day when she goes there, she has a list of duties that she's not doing simply because her boss doesn't let her. Do you have any law that supports this concept of a continuing violation? I couldn't find one. This will be a first case. Thank you. Yes, yes. Thank you.  Good afternoon. Sorry. Good afternoon, Your Honors. Lisa Valdez out here. On behalf of Descendant Apley, the Secretary of the Department of Veterans Affairs. In this case, during all inferences in favor of appellant, the U.S. District Court's judgment and opinion on order should be affirmed. Today, even if we assume all that has been stated by appellant in his brief, in her brief, as true, if we assume that everything that is stated in her brief and withdraw inferences in her favor, even then the District Court's judgment should be affirmed. Okay. The origin of plaintiff's or of appellant's claim is that she stated that she disclosed that her supervisor had committed fraud. And that is not even a protected activity under Title VII. But for the sake of argument, let's say it's a protected activity. Then she goes to state that she was stripped of all duties and that she was moved to a small windowless office. For the sake of argument, let's assume those two acts are true. The fact that she was stripped of all duties and that she was moved to a small windowless office. Regarding the office, it's a tangible action. It's something that a person perceives and it is indeed a discreet act. She could realize as soon as she saw the room where she spent at least four years that it was a small windowless office. She even conceded in her brief that those similar facts that occurred before 2004 were discreet acts. Before she had raised, before 2004, that she had been moved to a faraway office and that she had been moved to a room with sewage water. In her own brief, she states that those two acts before 2004 were discreet acts. Moreover, in her brief, she states that she filed an EO for the move to a small windowless office, an EO complaint. If I understand plain as argument, you need it not just to be a discreet act, but it has to be a final act. Because if it's a discreet act that occurs every day, she won't be time barred. Right? So what I understand plaintiff is saying is it's one thing if I suspend you. You know on that day this is the way it's going to be. It's worse if every day I humiliate you by without ever telling you that you're suspended. Every time you come to work, I expect you to report. Instead of you actually getting your duties, that day again I humiliate you by saying, now go to this windowless room and do nothing. Without ever getting a clear notice as to what my relationship to the employer is. And if the employer does that, either that's a continuing violation or it's 3,000 separate discreet acts of adverse treatment. So how do you respond to that? Yes, Your Honor. This is the first time that this was deliberated in the U.S. District Court and this was not raised even in plaintiff's brief. That's his brief. He says it's 3,000 separate acts. Yes, Your Honor. We agree on that. He's saying that every day, I'm sorry. What he did not say before was that every day there was a conversation. That she was told that she was to go to this small windowless room. That's not understood. So what's your account of what happened? That once you go to the small windowless office, if we assume that it is an adverse action, once she has been assigned to that room, she has never stated that she, Your Honor, just the fact that there is here today that she was told every day. She was just, that was just around her office. It's not a room she was randomly sent every day. That was her office. So I submit to this court that it is a discreet act. It's the office assigned to her. Did I answer your question, Your Honor? Sure. And just on the terms of her responsibilities, was she ever told in terms of what her responsibilities were? What does the record suggest? Yes, the record suggests regarding her duties, and it is important to note that both acts are contemporaneous. So she said that once she complained about her supervisor's alleged fraud in September 2004, she was immediately sent to that windowless small room, and she was immediately stripped of all duties. And I'm putting now from her brief on page 10, it says, Immediately thereafter, Ayala's boss stripped Ayala of all her duties. So it was not something that was gradual or something that her duties were diminished. It was not something that she needed some collective act or some cumulative effect in order to realize that her duties were being stripped away. She stated that as soon as she reported her supervisor, she was immediately stripped of all duties, not some of them, but all, and she was sent to the small room. And those two facts are contemporaneous at the same time as part of the retaliation that she is alleging. Lastly, Your Honor, in this case, there is no anchoring violation within the limitation spirit. She was sent to the small windowless room and stripped of all her duties pursuant to her own facts in September 2004, and it was not until October 2008 that she contacted the EEO. So we submit that this case is time-barred and that the district court's decision should be affirmed. She had contacted the EEO prior to 2004 also, though, right? Regarding the office, yes, Your Honor, she filed regarding the office in the year 2007. No, no, prior to 2004. Yes, Your Honor. She had been to the EEO. Yes, Your Honor, several times. Possibly you could think that being sent to the room was in response to those prior actions, right? But that's not what she raised. That's not her argument? Okay. Thank you. Thank you.